IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANTHONY YOUNG,                                          Case No. 3:26-cv-00043-JR

        Plaintiff,                                      OPINION AND ORDER

        v.

PARKROSE SCHOOL DISTRICT and
SHAVER ELEMENTARY,

        Defendants.
_____

RUSSO, Magistrate Judge:

        Defendants Parkrose School District and Shaver Elementary move to dismiss pro se

plaintiff Anthony Young's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's response was

Page 1 – OPINION AND ORDER

due February 12, 2026, and to date has not been filed. For the reasons stated below, defendants'

motion is granted, and this case is dismissed.

**BACKGROUND**

On December 16, 2025, plaintiff initiated this action in Multnomah County Circuit Court

alleging claims for custodial interference, fraud, identity theft, negligence, and violations of 20

U.S.C. § 1232g and 42 U.S.C. § 1983. As relief, plaintiff seeks $6,000,000 in damages. Defendants

timely removed plaintiff's claims to this Court on the basis of federal question jurisdictions.

Plaintiff's claims all emanate from his minor child's public education. In particular,

plaintiff asserts that "Shaver Elementary violated his parental rights [by] allowing [the] non-

custodial [parent] to enroll child of age 11 into school when child already was enrolled into

Milwaukie School District." Compl. pg. 1 (doc. 2). Plaintiff's minor child attended Shaver

Elementary school during the 2022-2023 school year after the child's biological mother registered

the child at Shaver (despite plaintiff being the "sole custodial parent since 2019"). *Id.* at 2.

Additionally, at some unspecified time, Shaver Elementary changed the contact number associated

with plaintiff's minor child based on the biological mother's request. *Id.* Plaintiff initiated a small

claims case based on this event, which was assigned to "Judge White." *Id.* at 2.

That is, on April 29, 2025, plaintiff filed a complaint in Multnomah County Circuit Court

alleging he was the sole custodial parent of his minor child, and that the Parkrose School District

wrongfully allowed the biological mother to enroll the minor child at Shaver Elementary without

obtaining his consent. Plass Decl. Ex. 1 (doc. 6-1); Plass Decl. Ex. 2 (doc. 6-2).[1] On August 25,

2025, Multnomah County Judge Kami White signed a judgment of dismissal in favor of the

---

[1] "A court may take judicial notice of undisputed matters of public record, including documents
on file in federal or state courts." *Su v. U.S. Postal Serv.*, 730 F.Supp.3d 1120, 1127 (D. Or. 2024)
(citations omitted).

Parkrose School District. Plass Decl. Ex. 1 (doc. 6-1); Plass Decl. Ex. 3 (doc. 6-3). Judgment was entered into the Multnomah County Circuit Court register that same day. *Id.*

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

## DISCUSSION

Defendants contend plaintiff's claims must be dismissed "with prejudice on the basis of claim preclusion [or alternatively] for failure to state a claim." Def.'s Mot. Dismiss 1 (doc. 5).

Page 3 – OPINION AND ORDER

"The doctrine of claim preclusion, formerly known as *res judicata,* generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland,* 339 Or. 504, 510, 123 P.3d 275 (2005). This "rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Id.* at 511. Thus, unlike issue preclusion, "[c]laim preclusion does not require actual litigation of an issue of fact or law . . . Nor does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." *Drew v. EBI Cos.,* 310 Or. 134, 140, 795 P.2d 531 (1990). Rather, in order for claim preclusion to attach, only finality and the "opportunity to litigate the question" are required, and "courts employ a broad definition" in regard to the latter. *Id.* at 140-1.

Here, the preliminary requirements for application of claim preclusion are met. The underlying factual transactions are the same in both this case and plaintiff's prior state court lawsuit. *Compare generally* Compl. (doc. 2), *with* Plass Decl. Ex. 2 (doc. 6-2). Further, plaintiff seeks the same relief – i.e., monetary damages (albeit in different amounts) – in both actions. *Id.* There is a final judgment binding on the parties in the small claims case. Plass Decl. Ex. 1 (doc. 6-1); Plass Decl. Ex. 3 (doc. 6-3). And plaintiff does not dispute that his current claims could have been brought in that lawsuit. In fact, plaintiff wholly neglected to file a timely response or opposition to defendant's motion. *See Justice v. Rockwell Collins, Inc.,* 117 F.Supp.3d 1119, 1134 (D. Or. 2015), *aff'd,* 720 Fed.Appx. 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted).

Given the procedural posture of this case, allowing plaintiff to proceed with his claims in this forum would essentially require this Court to conclude that defendants' actions were wrongful. Yet plaintiff has not cited to, and the Court is not aware of, any authority that allows a federal court to sit in direct review of a state court judgment under the present circumstances. *Cf. Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (Rooker-Feldman doctrine precludes recourse in federal court for an allegedly erroneous state court decision).

Regardless, presuming claim preclusion does not apply, plaintiff's claims still fail at the pleadings level. For instance, civil liability for custodial interference does not lie where, as here, the complaint fails to plead any facts demonstrating that defendants' "actions are unlawful under ORS 163.257(1)(a)" or otherwise violate Or. Rev. Stat. § 163.245. Or. Rev. Stat. § 30.868.

Concerning allegations sounding in fraud, they "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Chiba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted). "In addition, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Quantum Tech. Partners II, L.P. v. Altman Browning & Co.*, 2009 WL 1795574, *1-2 (D. Or. June 23, 2009) (as amended), *aff'd*, 436 Fed.Appx. 792 (9th Cir. 2011) (citation and internal quotations, brackets, and ellipses omitted). Yet the complaint in this case does not identity any individual actors, allegedly inaccurate or false statements, or specific dates.

Moreover, the Family Educational Rights and Privacy Act ("FERPA") – i.e., 20 U.S.C. § 1232g – "protects educational records and personally identifiable information of students from improper disclosure." *Cherry v. Clark Cnty. Sch. Dist.*, 2012 WL 4361101, *5 (D. Nev. Sept. 21,

Page 5 – OPINION AND ORDER

2012). Stated differently, "FERPA is not a law which absolutely prohibits the disclosure of educational records; rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records . . . [it] was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records." *Id.* (citations and internal quotations omitted). Accordingly, there is no private right of action for alleged FERPA violations. *Greenfield v. Newman Univ., Inc.*, 2020 WL 2766172, *1 (D. Kan. May 28, 2020) (citation omitted).

## CONCLUSION

For the reasons stated herein, defendants' Motion to Dismiss (doc. 5) is granted and this case is dismissed.

IT IS SO ORDERED

DATED this 10th day of March, 2026.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge